IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER JAMEEL BEASON** ) | |
|     **Plaintiff** ) | |
| ) | |
| vs. ) | **C.A.No. 09-145 Erie** |
| ) | |
| **COMMON WEALTH OF PENNSYLVANIA,** ) | **District Judge McLaughlin** |
| ) | **Magistrate Judge Baxter** |
|     **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

It is further recommended that Plaintiff's motion for leave to proceed in forma pauperis [Document # 1] be denied.

**II.     REPORT**

    **A.     Relevant Procedural History**

Plaintiff, an inmate within the state correctional system, filed this civil action on June 15, 2009. Because the complaint was difficult to decipher and the relief requested difficult to discern, this Court ordered Plaintiff to file a complaint before June 30, 2009. The Clerk of Courts was directed to send Plaintiff blank copies of civil rights as well as habeas corpus forms. The Order warned that failure to comply could result in the dismissal of this case. Plaintiff failed to comply.

On July 2, 2009, this Court ordered Plaintiff to show cause for his failure to comply

before July 15, 2009.  Again, the Order warned that Plaintiff's failure to comply could result in the dismissal of this action for failure to prosecute.  As of today's date, Plaintiff has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  <u>Id.</u> at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has ignored two orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                  S/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: July 20, 2009